People v Workman (2025 NY Slip Op 50281(U))

[*1]

People v Workman

2025 NY Slip Op 50281(U)

Decided on March 4, 2025

Supreme Court, Erie County

Boller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 4, 2025
Supreme Court, Erie County

The People of the State of New York

against
Barry Workman, Defendant

SMZ-70708-25/001

Michael J. Keane, Esq.
District Attorney, Erie County
Abbi Fuhrken, A.D.A.
for the People
Andrew S. Tabashneck, Esq.
for defendant

M. William Boller, J.

The defendant, through his attorney, has filed a motion pursuant to CPL §180.80 seeking the release of the defendant on his own recognizance. The People have opposed this motion. The case came before this Court on March 3, 2025 for argument. 
The record before this Court is not complete. There is no transcript from the lower Court proceedings provided. The information before this Court is the defendant was arrested on February 23, 2025 in the Village of Kenmore and charged with Criminal Possession of a Weapon in the Third Degree and Menacing in the Second Degree. The defendant was arraigned on February 24, 2025. At arraignment, bail was set at $7,500 A/B/E. A felony hearing was scheduled for February 27, 2025. It appears that on the felony hearing date, the People had their witnesses available and were ready to proceed with the hearing. Defense counsel indicated during oral arguments, that he was coming from another Court and was approximately thirty minutes late. During this time, when the case was first called, the defendant acted in a manner [*2]which resulted in the Kenmore Village Justice to sua sponte order a forensic exam pursuant to CPL §730 (this Court was not provided a transcript of the February 27, 2025 proceeding so is relying solely on the information provided by the parties in the motion and oral argument). It should be noted, the defendant was still in custody on the bail set at his arraignment at the time the forensic exam was ordered. Due to the forensic exam, the felony hearing was adjourned by the Court in order to determine whether the defendant was competent to proceed. It appears at the time the forensic exam was ordered, the Court increased the bail to a remand status. The People did not request an adjournment of the felony hearing. The defendant did not consent to an adjournment. 
The defendant now argues he should be released as the People did not conduct the felony hearing within the specified statutory time frame. The defendant also argues the Court lacks the authority to remand or set bail merely due to the ordering of a competency exam. The People have argued they were prepared to conduct the felony hearing and due to the forensic exam, the time is tolled. 
The defendant is right that a Court can not set bail merely to conduct a forensic exam. "(H)old that, in accordance with CPL article 730, when a defendant is not in custody, a court only has the authority to either order a competency examination on an out-patient basis or to direct that the defendant be confined in a hospital pending completion of the examination upon proper medical recommendation that such confinement is necessary. The court may not remand a defendant into custody solely because an examination has been ordered." People ex rel. Molinaro v Warden, Rickers Island, 39 NY3d 120 (2022). It is clear, based on the above-mentioned Court of Appeals decision a defendant can not be placed into custody initially solely for the purpose of conducting a forensic exam. The facts in the case before this Court, however, are different, as the defendant was already in custody at the time the forensic examination was ordered. The only issue is whether the court was allowed to increase the bail to a remand status after ordering the forensic exam.
Pursuant to CPL §730.30(1), "At any time after a defendant is arraigned upon an accusatory instrument other than a felony complaint and before the imposition of sentence, or at any time after a defendant is arraigned upon a felony complain and before he is held for the action of the grand jury, the court wherein the criminal action is pending must issue an order of examination when it is of the opinion that the defendant may be an incapacitated person." In this case, due to whatever occurred on the date of the felony hearing, the judge felt there was an issue of whether the defendant was fit to proceed. "The procedures established by article 730 are not discretionary and, once a court makes a preliminary determination that a defendant may be incapacitated, the statutory steps must be followed." People v Lowe, 109 AD2d 300.
Ultimately, a felony hearing was not run on February 27, 2025 due to the Court ordering a forensic exam and through no fault of the People. The issue of the defendant's competency to stand trial is of outmost importance, as if he is found not fit to proceed, there is a separate set of proceedings including a temporary order of observation which must be followed. Under CPL §180.80(3)(a), the court must release a defendant unless, "The court is satisfied that the people have shown good cause why such order of release should not be issued, Such good cause must consist of some compelling fact or circumstance which precluded disposition of the felony complaint within the proscribed period or rendered such action against the interest of justice." [*3]Determining whether the defendant is fit to proceed is a compelling fact. Further, that the People were ready to proceed with the felony hearing prior to the Court's intervention, is a compelling circumstance which precluded the disposition of the felony complaint.
Therefore, the defendant's motion for an order releasing him on his own recognizance is denied. Bail is, however, returned to the initial bail of $7,500 A/B/E as set at the defendant's arraignment. As there was no change in circumstance necessitating the modification of bail and the existing rules prohibiting the use of remand or bail solely to conduct a forensic exam, bail should have remained untouched. 
HONORABLE M. WILLIAM BOLLER
ACTING SUPREME COURT JUSTICE
DATED: March 4, 2025
BUFFALO, NEW YORK